IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| PORTER WILKES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 108-017 |
| | ) | |
| TONY HENDERSON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Porter Wilkes, an inmate currently incarcerated at Wheeler Correctional Facility in Alamo, Georgia, filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is currently before the Court on Respondent's motion to dismiss. (Doc. no. 8). Petitioner opposes this motion. (Doc. no. 10). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss for failure to exhaust state court remedies be **GRANTED** and that this civil action be **CLOSED**.

### I. BACKGROUND

Petitioner was convicted on September 11, 2000 of burglary in the Superior Court of Richmond County. Petitioner appealed his conviction to the Georgia Court of Appeals, making the following claims:

(1) the trial court erred in denying his motion for a new trial because the evidence was insufficient to support the verdict;

> (2) the trial court erred in denying his motion to suppress stolen items found in his room because
>
>> (a) his sister lacked the authority to permit a search of his room without his consent, and
>>
>> (b) officers lacked probable cause to search his room or his bags; and
>
> (3) trial counsel was ineffective for various reasons, including:
>
>> (a) failure to meet with Petitioner more than once,
>>
>> (b) failure to adequately prepare to argue the motion to suppress,
>>
>> (c) failure to adequately prepare for trial, and
>>
>> (d) failure to object to the admission of evidence that violated discovery rules.

Wilkes v. State, 604 S.E.2d 601 (Ga. Ct. App. 2004). The Georgia Court of Appeals affirmed his conviction on September 10, 2004. Id. at 606. Petitioner has also filed two state habeas corpus petitions. In his first petition, Petitioner claimed that he was entitled to habeas corpus relief because (1) there were excessive delays in the appellate process, and (2) he received ineffective assistance of appellate counsel. (Doc. no. 1, p. 4). This petition was held in abeyance because Petitioner's direct appeal was still pending. (Doc. no. 8, Resp.'s Br., p. 2). In his second petition, Petitioner contended he was entitled to habeas corpus relief for the identical reasons raised in his first petition. (Doc. no. 1, p. 5). An evidentiary hearing was held on May 20, 2008 on Petitioner's second habeas petition, but no written order has yet been entered, as mandated by O.C.G.A. § 9-14-49. (Doc. no. 15, p. 2).

After Petitioner filed his state habeas petitions, he filed the instant federal petition for a writ of habeas corpus, contending that he is entitled to relief based on the following claims:

(1) inordinate and excessive delays in the appellate process, specifically the delay in receiving various transcripts;

(2) various allegations of ineffectiveness of appellate counsel, including:

   (a) conspiring with state court officials in the delays experienced by Petitioner,

   (b) failing to communicate and consult with Petitioner,

   (c) failing to raise unspecified issues on appeal, and

   (d) failing to adequately address on appeal the trial court's denial of Petitioner's motion to suppress;

(3) ineffective assistance of trial counsel in failing to properly argue Petitioner's motion to suppress; and

(4) the state's violation of the Brady[1] discovery rules by introducing "a kitchen butcher knife" into evidence without disclosing it to Petitioner.

(Doc. no. 1, pp. 6-7). Respondent contends in his memorandum supporting his motion to dismiss that Petitioner's petition should be dismissed because all of Petitioner's claims are unexhausted.

## II. DISCUSSION

### A. Exhaustion Rules Explained

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. The AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state

---

[1] See Brady v. Maryland, 373 U.S. 83 (1963).

3

court. 28 U.S.C. § 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). In reference to this requirement, the Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Moreover, giving the state courts an opportunity to act on a petitioner's claims includes allowing the state courts to complete the appellate review process. As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

Id. at 845; see also Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004) (*per curiam*) (holding that a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court [meant] that [a petitioner] [] failed to exhaust all of his available state remedies"). This "one full opportunity" includes pursuing discretionary review with the highest available appellate court where the highest court of the

4

state has not opted out of this requirement.[2] Id. However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).

Notably, however, a federal habeas court in rare circumstances may deviate from the exhaustion requirement, such as in cases where the delay in the state courts is unreasonable or otherwise unjustified. Generally, as a matter of comity, the state courts must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging custody resulting from a state court judgment. Picard v. Connor, 404 U.S. 270, 275 (1971). However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim." St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972) (*per curiam*). In this regard, "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); see also Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (*per curiam*) (holding that an inordinate delay can, under certain circumstances, excuse exhaustion).

In addition, the AEDPA contains two significant changes bearing on the exhaustion requirement. First, the AEDPA eliminates a district court's ability to infer a state's waiver

---

[2]In Georgia, on direct appellate review, "'a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies' . . . ." Hills v. Washington, 441 F.3d 1374, 1375 (11th Cir. 2006) (*per curiam*) (quoting Ga. Sup. Ct. R. 40).

of exhaustion from the state's failure to expressly invoke the exhaustion requirement. 28 U.S.C. § 2254(b)(3). Under the revised statute, a waiver can be found only if the state, through counsel, expressly waives the requirement. Id. Second, the AEDPA confers discretion upon the district courts to deny a habeas petition on the merits notwithstanding the petitioner's failure to exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(2). When read in conjunction with the exhaustion requirement contained in § 2254(b)(1) and the waiver requirement contained in § 2254(b)(3), § 2254(b)(2) creates a confusing statutory framework within which the district courts must consider habeas petitions. Hoxsie v. Kerby, 108 F.3d 1239, 1243 (10th Cir. 1997) (recognizing § 2254(b)(2), standing alone, does not contain the standard for determining when a federal court should dismiss a petition on the merits instead of insisting on exhaustion); Gaylor v. Harrelson, 962 F. Supp. 1498, 1499-1500 (N.D. Ga. 1997) (same).

In deciding whether to require exhaustion or to address the merits, the Supreme Court's decision in Granberry v. Greer, 481 U.S. 129 (1987), provides some insight. In Granberry, the Supreme Court stated:

> If, for example, the case presents an issue on which an unresolved question of fact or of state law might have an important bearing, both comity and judicial efficiency may make it appropriate for the court to insist on complete exhaustion to make sure that it may ultimately review the issue on a fully informed basis. On the other hand, if it is perfectly clear that the applicant does not raise a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served . . . if . . . the district court denies the habeas petition.[3]

---

[3] The Court recognizes that § 2254(b)(3) overrules Granberry to the extent that the state no longer may be deemed to waive the exhaustion requirement. The quoted passage, however, remains good law, and indeed, the policies underlying the passage are directly

6

Id. at 134-35; see also Atkins v. Singletary, 965 F.2d 952, 957 (11th Cir. 1992) (applying Granberry). Based on Granberry, the question of whether to require exhaustion in lieu of addressing the merits turns on whether it is "perfectly clear" that the petitioner has failed to state "even a colorable federal claim." Granberry, 481 U.S. at 134-35. In other words, if there is arguably a colorable claim, the Court should normally invoke the exhaustion requirement and dismiss the petition without prejudice.

Finally, if the district court finds that a petition is a mixed petition, in that it contains both exhausted and unexhausted claims, it has the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77 (2005); Ogle v. Johnson, 488 F.3d 1364, 1370 (11th Cir. 2007). The Eleventh Circuit has summarized the requirements of Rhines as follows: "[a] district court should grant a stay and abeyance if (1) the petitioner had 'good cause' for failing to exhaust the claims in state court; (2) the unexhausted claims are 'potentially meritorious;' and (3) 'there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'" Thompson v. Sec'y for the Dep't of Corr., 425 F.3d 1364, 1365-66 (11th Cir. 2005) (quoting Rhines, 544 U.S. at 277-79). However, because the stay and abeyance procedure has the potential to frustrate the "AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings" and undermining the "AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition," the stay and abeyance procedure should only be

incorporated into § 2254(b)(2).

7

used in limited circumstances. Id. at 277. If the district court determines that a stay and abeyance is not the appropriate avenue on which to proceed, the court also has the option of severing any unexhausted claims from the petition and proceeding with the exhausted claims, or to dismiss the entire petition as a mixed petition. Id. at 278.

**B.     Petitioner's Exhausted and Unexhausted Claims**

In the instant case, Petitioner filed two state habeas petitions, which both alleged identical claims of excessive and inordinate delays in the appellate review process and ineffective assistance of appellate counsel. The first habeas petition was held in abeyance while Petitioner's direct appeal was pending. An evidentiary hearing was held on his second state habeas petition in May 2008, but a written order has not yet been entered. Petitioner raises these same claims as claims one and two in his federal habeas petition. In order to properly exhaust state court remedies, a Georgia inmate must file for a certificate of probable cause ("CPC") to appeal the denial of his state habeas petitions. See Pope, 358 F.3d at 854 (citing O.C.G.A. § 9-14-52). A written order has not yet been entered regarding Petitioner's second state habeas petition, which raises the same issues as his first state habeas petition. If denied, Petitioner would have to file for a CPC to appeal the denial of habeas relief; only then would Petitioner have completed the state collateral review process. In addition, Petitioner has never presented claim four regarding the state's alleged violation of the Brady discovery rules to either a state appellate court or a state habeas court. Thus, Petitioner has failed to exhaust claims one, two, and four in his federal habeas petition.

However, claim three in Petitioner's federal habeas petition has been exhausted.[4] This claim alleges that trial counsel was ineffective for failing to properly argue Petitioner's motion to suppress. Petitioner raised this claim on direct appeal to the Georgia Court of Appeals, which rejected this claim. Wilkes, 604 S.E.2d at 606. Petitioner was not required to petition for a rehearing and certiorari following this decision in order to exhaust his state court remedies. Hills, 441 F.3d at 375. Nor was he required to raise this claim in his state habeas petitions. See Walker, 693 F.2d at 1088; see also Thompson v. Stinson, 611 S.E.2d 29, 30 (Ga. 2005) (quoting Brown v. Ricketts, 213 S.E.2d 672, 673 (1975)) (finding that a writ of habeas corpus may not be used as a way to obtain a second appeal and that issues raised on direct appeal may not be reviewed by a state habeas court). Accordingly, Petitioner has satisfied the exhaustion requirement as to claim three raised in his federal habeas petition.

Because Petitioner's federal habeas petition contains exhausted and unexhausted claims, the Court considers it a "mixed petition." Under the requirements of Rhines, the Court concludes that as such, the petition should be dismissed and that Petitioner's exhausted claims should not be held in abeyance. Petitioner has not shown "good cause" for failing to exhaust his claims in state court before filing the instant habeas petition.[5] Rhines, 544 U.S. at 277-79.

---

[4]Respondents argue that all of Petitioner's claims are unexhausted. (Resp.'s Br., p. 3). However, as explained below, a review of the record in this matter reveals that claim three has been exhausted because it was raised and rejected on direct appeal. Furthermore, Petitioner has not raised this claim in his state habeas petition that is still pending before the state habeas court.

[5]To the extent that Petitioner may be arguing that the Court should disregard the exhaustion requirement because of excessive delays in the state judicial process, the Court disagrees with this argument. The exhaustion requirement may not be set aside lightly. See,

9

As noted above, claims one and two are still pending before the state habeas court and Petitioner would then have to file a CPC to appeal an unfavorable decision. Furthermore, he had the opportunity to raise claim four regarding the state's violation of the Brady discovery rules in state court. While Petitioner's unexhausted claims may be "potentially meritorious" and there is no indication that he has engaged in "intentionally dilatory litigation tactics," his failure to show good cause prohibits the Court from granting him a stay and abeyance of his exhausted claim under Rhines. Furthermore, the Court concludes that under these circumstances, stay and abeyance of Petitioner's exhausted claim would frustrate and undermine the goals of the AEDPA.

---

e.g., Parker v. Kelchner, 429 F.3d 58, 62 (3d Cir. 2005)(quoting Rutherford v. Neet, 149 F.3d 1191, 1191 (10th Cir. 1998) ("The exhaustion requirement is not one to be overlooked lightly."). As explained above, the critical issue in determining whether to excuse the exhaustion requirement where there have been delays in the state judicial process is whether "the state court has unreasonably or without explanation failed to address petitions for relief." Hollis, 941 F.2d at 1475; Reynolds, 460 F.2d at 1027. Of course, the Court is aware that the sheer passage of time, in and of itself, does not always serve to obviate the exhaustion rule. Notwithstanding a lengthy delay, the Court should not excuse a failure to exhaust where: (1) the delay is attributable to the petitioner, rather than the state; or (2) the delay may be justified or excused because of the unique circumstances of the case. Cook v. Florida Parole & Probation Com'n, 749 F.2d 678, 680 (11th Cir. 1985). Similarly, even after a long delay has passed, if it is clear that the state court has awakened to its duties and real progress toward disposition of the case is being made, the federal court should be hesitant to interfere. See, e.g., Slater v. Chatman, No. 04-15683, 147 Fed. App'x 959, 960 (11th Cir. 2005) (*per curiam*). Petitioner's first state habeas petition was properly held in abeyance while his direct appeal was pending. Petitioner's second habeas petition was filed in March 2005. Due to Petitioner's transfer between prisons, an evidentiary hearing was not held until May 20, 2008. While this delay appears longer than usual, the Court finds that Petitioner's multiple transfers between prisons provides a legitimate reason for the delay under these circumstances. (Resp.'s Br., pp. 2-3). Furthermore, as an evidentiary hearing has recently been held, it appears that progress is being made toward an ultimate resolution of the matter in state court. Thus, the Court finds that it would not be proper to interfere and that Petitioner should not be excused from the exhaustion requirement.

## III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss for failure to exhaust state court remedies be **GRANTED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 14th day of November, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE