IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| PORTER WILKES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 108-017 |
| | ) | |
| TONY HENDERSON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. One of Petitioner's objections is worthy of discussion, but it does not change the Court's opinion regarding the Magistrate Judge's Report and Recommendation.

Petitioner objects to the portion of the Report and Recommendation that found that claim four of his federal habeas petition, alleging general violation of the discovery rules dictated by Brady,[1] was unexhausted. (See doc. no. 16, p. 8). Petitioner claims that this claim has in fact been exhausted because he presented it on direct appeal. (Doc. no. 18, pp.7-8). Although Petitioner does not specifically describe in his objections how this error was presented on appeal, the Court surmises that Petitioner is referring to his enumeration of error on direct appeal that trial counsel was ineffective for failing to object to evidence that

---

[1] See Brady v. Maryland, 373 U.S. 83 (1973).

allegedly violated discovery rules. Wilkes v. State, 604 S.E.2d 601, 606 (Ga. Ct. App. 2004). However, the Georgia Court of Appeals noted in its opinion that Petitioner did not assert "what rules were violated or what conduct violated them" and therefore could not determine whether this alleged error prejudiced Petitioner. Id.

The Court acknowledges that it is often difficult in specific cases to determine whether a state prisoner has sufficiently exhausted a claim. See, e.g., McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) ("While these broad principles are relatively clear . . . . many courts have struggled to pinpoint the minimum requirements that a habeas petitioner must meet in order to exhaust his remedies."). That said, the issue of whether a claim has been "fairly presented" to the state courts is a "common sense" inquiry. Id. at 1302-03. In explaining the gist of the requirement, the Eleventh Circuit has explained:

> While we do not require a verbatim restatement of the claims brought in state court, we do require that a petitioner present his claims to the state court "such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation."

Id. at 1302 (quoting Kelley v. Secretary for Dep't of Corr., 377 F.3d 1317, 1344-45 (11th Cir. 2004)). Thus, it is not enough that a federal habeas petitioner "has been through the state courts." Kelley, 377 F.3d at 1343-44 (citing Picard v. Connor, 404 U.S. 270, 275-76 (1971)). Nor may a claim simply be hinted at in a petitioner's state filings; rather, a habeas petitioner must squarely present his claims in state court.

> "[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick."

Id. at 1345 (quoting Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988)).

2

Based on the statements made by the Georgia Court of Appeals, the Court concludes that even though Petitioner apparently mentioned in his appellate brief some error regarding discovery rules (with no specific reference to Brady), any claim based on this alleged error remains unexhausted. Contrary to requirements set forth in McNair, Petitioner did not present to the state appellate court the legal basis for his claim or detail any facts that would support such a claim. Indeed, even in his objections to the Magistrate Judge's Report and Recommendation, Petitioner fails to identify a specific portion of his appellate brief where this issue was properly raised or otherwise cast doubt on the appellate court's statement regarding the non-specific nature of this claim. Rather, Petitioner appears to be relying on the fact that he "has been through" the state courts and made a similar allegation there to establish the exhaustion requirement. Kelley, 377 F.3d at 1343-44 Such a minimal effort to present the claim in state court will not suffice to demonstrate that this claim was exhausted.

Moreover, as evidenced by the discussion of the Georgia Court of Appeals, Petitioner failed to cite any federal law in support of his claim that trial counsel was ineffective for failing to object to alleged discovery violations. Cf., McNair, 416 F.3d at 1304 (finding that the exhaustion requirement was not satisfied where a petitioner relied almost exclusively on state court opinions in his brief submitted to the state habeas court but cited no United States Supreme Court or federal appellate opinions). In sum, it cannot be said that Petitioner fairly presented this discovery issue as a federal constitutional claim to the state court, and thus it remains unexhausted.

3

Even assuming *arguendo* that the Court reached the opposite conclusion and that Petitioner had in fact exhausted this claim regarding alleged discovery violations, Petitioner's federal habeas petition would still contain exhausted and unexhausted claims, and this case would still be subject to dismissal under the "mixed petition" rules discussed fully in the Report and Recommendation. (See doc. no. 16, pp. 9-10). Thus, Petitioner's objection is hereby **OVERRULED**.[2]

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Respondent's motion to dismiss for failure to exhaust state court remedies is **GRANTED**, and this civil action is **CLOSED**.[3]

SO ORDERED this 21st day of January, 2009, at Augusta, Georgia.

J. RANDAL HALL
UNITED STATES DISTRICT JUDGE

---

[2]Petitioner's remaining objections are likewise without merit, and therefore they are also **OVERRULED**.

[3]In "Petitioner's Request for Review of This Pleading Upon Respondent's Answer to the Petition," Petitioner attempts to assert an additional ground for federal habeas relief, namely that the Georgia state court was without jurisdiction to convict him. (Doc no. 10, pp. 2-3). However, Petitioner did not assert this claim on direct appeal or in either of his state habeas petitions, and therefore it is unexhausted under the exhaustion rules set forth in the November 14, 2008 Report and Recommendation. (See doc. no. 16, pp. 3-8). Accordingly, Petitioner's motion is **DENIED** as **MOOT**.

4